UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOUIS LEE FISHER,

    Plaintiff,

        v.                             CAUSE NO. 3:22-CV-229-DRL-MGG

INDIANA DEPT OF CORRECTIONS *et al.*,

    Defendants.

## OPINION AND ORDER

Louis Lee Fisher, a prisoner without a lawyer, filed a complaint against the Indiana Department of Correction and Mrs. Hall. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Fisher alleges that $500.00 was removed from his inmate trust account because Mrs. Hall allegedly found him guilty of a disciplinary offense and this was part of the sanction. He asserts that he never received a write up, hearing, or any paperwork regarding the alleged offense. In other words, he was subjected to a monetary sanction

with no due process whatsoever. He seeks the return of his funds and additional monetary compensation.

The Fourteenth Amendment guarantees prisoners the following procedural due process rights before being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Thus, when an inmate alleges that funds were removed from his account to pay restitution related to a disciplinary offense without providing a pre-deprivation hearing, he states a claim pursuant to the due process clause of the Fourteenth Amendment. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) ("Because Tonn adequately alleged that the restitution order was not supported by any evidence, we vacate the dismissal of Tonn's due-process claim[.]"). Here, Mr. Fisher represents that he suffered a deprivation of a protected interest without any pre-deprivation process at all: there were no disciplinary proceedings, though he was found guilty and required to pay restitution. Because it can be plausibly inferred that Mrs. Hall knew that Mr. Fisher had not received any pre-

deprivation process when she imposed the sanction, Mr. Fisher may proceed against her on this claim.

Mr. Fisher, however, may not proceed against the Indiana Department of Correction. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, but none are applicable here. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Because the State is immune from suit pursuant to the Eleventh Amendment, Mr. Fisher cannot proceed against the Indiana Department of Correction.

For these reasons, the court:

(1) GRANTS Louis Lee Fisher leave to proceed against Mrs. Hall in her individual capacity for compensatory damages for assessing restitution knowing Mr. Fisher had received no pre-deprivation due process, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Indiana Department of Corrections;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Mrs. Hall at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if she does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Mrs. Hall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 21, 2022                                         *s/ Damon R. Leichty*
                                                       Judge, United States District Court