UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOUIS LEE FISHER,

    Plaintiff,

v.                               CAUSE NO. 3:22-CV-229-DRL

HALL,

    Defendant.

OPINION AND ORDER

Louis Lee Fisher, a prisoner without a lawyer, is proceeding in this case against Correctional Officer Stacy Hall "in her individual capacity for compensatory damages for assessing restitution knowing Mr. Fisher had received no pre-deprivation due process, in violation of the Fourteenth Amendment[.]" ECF 6 at 3. On March 10, 2023, Correctional Officer Hall filed a motion for summary judgment, arguing she did not violate Mr. Fisher's Fourteenth Amendment rights. ECF 27. With the motion, Correctional Officer Hall provided Mr. Fisher the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 30. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed nearly six months ago,

but Mr. Fisher has not responded. Therefore the court will now rule on Correctional Officer Hall's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be

2

"some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Correctional Officer Hall provides an affidavit from herself, the Litigation Liaison at Miami Correctional Facility (MCF), and Mr. Fisher's disciplinary hearing records.[1] During her time as a correctional officer at MCF, Correctional Officer Hall served as a Disciplinary Hearing Officer (DHO) for the Disciplinary Hearing Board. ECF 27-1 at 1. Disciplinary hearings are conducted after a staff member alleges an inmate committed a violation of the disciplinary code. *Id.* Specifically, the proceedings begin when a staff member issues a conduct report. *Id.* at 1-2. The conduct report and all other relevant documentation are compiled into a "hearing packet," which is assigned to a DHO to perform a screening *Id.* at 2. The assigned DHO meets with the inmate and prepares a written "screening report," which gives the inmate notice of the disciplinary hearing and schedules a date to hold the hearing. *Id.* The screening report informs the inmate of the allegations against him and that he has certain rights throughout the disciplinary proceedings, including the right to a lay advocate, an opportunity to present additional documentation or information, the right to have camera footage reviewed, and the right to present witness statements. *Id.*

After the screening process, the hearing packet is assigned to a different DHO to conduct a disciplinary hearing. ECF 27-1 at 3. The DHO meets with the inmate on the

---

[1] Because Mr. Fisher has not responded to Correctional Officer Hall's summary judgment motion, the court accepts this evidence as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

date of the hearing, reviews all of the information in the hearing packet and screening report with the inmate, and asks the inmate if he is ready to proceed with the hearing and if he wants to enter a plea. *Id.* If the inmate pleads not guilty, he is asked to present any evidence or make a statement. *Id.* The DHO then makes a determination and assesses necessary sanctions. *Id.*

On April 4, 2021, Mr. Fisher received a conduct report alleging he broke the interior window in his cell. ECF 27-4 at 8. A hearing packet was prepared, which included the conduct report, a description of the video evidence, a witness statement, and a photograph of Mr. Fisher's cell. ECF 27-4 at 7-10. On April 14, 2021, a non-party DHO screened the case, prepared a screening report indicating Mr. Fisher pled guilty to the offense and did not wish to offer any evidence or witnesses in his defense, and scheduled him for a disciplinary hearing. ECF 27-4 at 6. The screening report indicates Mr. Fisher was notified of the hearing at 11:15 a.m. on April 14, 2021. *Id.* Correctional Officer Hall was then assigned as the DHO for Mr. Fisher's disciplinary hearing. ECF 27-1 at 3-4. On April 19, 2021, Correctional Officer Hall met with Mr. Fisher for his disciplinary hearing. ECF 27-1 at 4. During the hearing, Correctional Officer Hall noted Mr. Fisher denied pleading guilty at the screening stage and requested a review of the camera footage in front of his housing unit. ECF 27-1 at 4; ECF 27-4 at 6. After reviewing the evidence, Mr. Fisher pled guilty to the conduct violation and Correctional Officer Hall accepted the plea based on the evidence. ECF 27-1 at 4; ECF 27-4 at 4. Correctional Officer Hall assessed a sanction for $600, the cost of repairing the window. *Id.*; ECF 27-2 at 4. Mr. Fisher appealed to the warden, and on appeal it was discovered Mr. Fisher was inadvertently charged for

4

the cost to replace an exterior window, not the cheaper interior window. ECF 27-2 at 4; ECF 27-4 at 2. He was thus refunded for the cost of the exterior window and instead charged $50 to replace the interior window. *Id.*

Here, the undisputed facts show Correctional Officer Hall did not violate Mr. Fisher's due process rights by conducting his disciplinary hearing and imposing a sanction. Specifically, Correctional Officer Hall provides undisputed evidence that Mr. Fisher received (1) advanced written notice of the charges, (2) an opportunity to be heard before an impartial decision-maker, (3) an opportunity to call witnesses and present evidence in his defense, and (4) a written statement by the factfinder explaining the reasons for the disciplinary action. There is evidence in the record to support Correctional Officer Hall's decision to impose the sanction, including the conduct report and witness statement, and there is no evidence she was biased against Mr. Fisher. Thus, because Mr. Fisher provides no evidence Correctional Officer Hall violated his due process rights, summary judgment is warranted in her favor.

For these reasons, the court:

(1) GRANTS Correctional Officer Hall's motion for summary judgment (ECF 27); and

(2) DIRECTS the clerk to enter judgment in favor of Correctional Officer Hall and against Louis Lee Fisher and to close this case.

SO ORDERED.

October 6, 2023                             *s/ Damon R. Leichty*
                                            Judge, United States District Court